IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

SEAN C. COLLINS,

          Plaintiff,

v.     CIVIL ACTION NO.   3:17-1902

LOWE'S HOME CENTERS, LLC, and
SCOTT HORSFIELD, individually and as
Manager of Lowe's Home Centers, LLC,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Sean C. Collins' Motion for Leave to Amend Complaint and to Add Additional Defendant. ECF No. 65. For the following reasons, the Court **DENIES** the motion.

On December 2, 2016, Plaintiff was terminated from his employment with Defendant Lowe's Home Centers, LLC. Thereafter, on March 16, 2017, Plaintiff filed this action, alleging his termination interfered with his rights under the Family and Medical Leave Act (FMLA), constituted discrimination and retaliation for exercising his rights under the FMLA, violated the West Virginia Human Rights Act's (WVHRA) prohibition against disability discrimination, was retaliatory in violation of West Virginia public policy, and violated West Virginia's Wage and Payment Collection Act. On June 28, 2017, the parties stipulated to dismiss the Wage and Payment Collection Act claim. In addition, on December 7, 2017, the Court dismissed Plaintiff's claim of retaliatory discharge (the *Harless* claim) premised upon the

WVHRA. *Collins v. Lowe's Home Centers, LLC*, No. 3:17-1902, 2017 WL 6061980, at *1 (S.D. W. Va. Dec. 7, 2017).[1] Thus, at this point, Plaintiff's remaining claims implicate the FMLA and disability discrimination.

In the current motion, however, Plaintiff seeks to amend his Complaint to add a new defendant and a new theory of his case. Specifically, Plaintiff alleges that in November 2016 he spoke with John Osborn, a Director of Human Resources at Lowe's, about Defendant Scott Horsfield, the store manager where Plaintiff worked. *Proposed Am. Compl.* at ¶¶ 4, 5, & 17. ECF No. 65-4. During the conversation, Plaintiff alleges he reported to Mr. Osborn "that Defendant Horsfield had discriminated and/or harassed female employees of Lowe's." *Id.* at ¶17. Plaintiff asserts that Mr. Osborn "routinely protected Defendant Horsfield from various complaints that were made against him," and Mr. Osborn told Defendant Horsfield what Plaintiff said. *Id.* at ¶¶ 64-65. Shortly after this conversation occurred, Plaintiff alleges Mr. Osborn told Defendant Horsfield to fire him. *Id.* at 65. Plaintiff's new theory is that his termination was in retaliation for him reporting Defendant Horsfield's conduct, and he seeks to add Mr. Osborn as a defendant. *Id.* at ¶¶67-77.

Plaintiff's counsel asserts that they did not know about this information until after Plaintiff was deposed on October 23, 2017. At his deposition, Plaintiff was questioned about notes from the meeting he had with Mr. Osburn, which were disclosed by Defendant on October 20, 2017. *Tr. of Depo. of Sean Collins*, at 91-95, ECF No. 71-1.[2] These notes apparently were taken

---

[1]The Court permitted the *Harless* claim premised upon the FMLA to continue. *Id.*

[2]Plaintiff stated he had not seen the notes prior to being presented a copy of them at his

-2-

by another Lowe's employee who was in the room with Plaintiff and Mr. Osburn. The notes appear to be a detailed account of the conversation. In reading the notes, it is evident that the vast majority of the conversation involved personality conflicts and work issues unrelated to any claim that Defendant Horsfield had discriminated against and/or harassed female employees. At one point, the notes provide that Plaintiff said: "There was some craziness here at the store around that time where Scott [Horsfield] was accused of some things, 2 weeks later he fired those associates after he was found not guilty." *Interview with Sean Collins*, at 1, ECF No. 71-2.

In the current motion, counsel states that, "[f]ollowing his deposition, Plaintiff shared with counsel that he was referring to two women in the report, one whom was transferred and the other terminated, following the investigation involving alleged inappropriate relationships with Defendant Horsfield." *Mot. for Leave to Am. Compl. and to Add Additional Def.*, at ¶6. After learning this information for the first time, Plaintiff's counsel represent that they began an investigation. *Id*. at ¶7. On February 15, 2018, Plaintiff deposed Defendant Horsfield and questioned him about the two female employees. *Id*. at ¶9. At the deposition, Defendant Horsfield said that Lowe's investigated him for allegedly having a sexual relationship with the two women, and he denied the allegations. *Tr. of Depo. of Scott Horsfield*, at 109, 110, & 113, ECF No. 71-3. Defendant Horsfield also stated that one of the women was fired sometime later for falsifying time and the other woman transferred to another store to be closer to home. *Id*. at 111 & 114.

Thereafter, Plaintiff sought additional discovery from Defendants related to Defendant Horsfield's alleged affairs with the two women. On April 5, 2018, Defendants objected

---

deposition. *Id*. at 91.

to the discovery and filed a Motion for a Protective Order, arguing it was not related to Plaintiff's FMLA or disability discrimination claims.[3] A week later, on April 12, 2018, Plaintiff filed the current motion to amend. A week after filing that motion, Plaintiff responded to Defendants' Motion for a Protective Order. In his Response, Plaintiff argued, inter alia, that the discovery issues are now moot because he has sought to amend the Complaint to add a claim of retaliation and to add Mr. Osburn as a defendant. *Resp. on behalf of Sean Collins,* at 1, ECF No. 67. In opposing Plaintiff's motion, Defendant argues Plaintiff cannot meet the standards for amendments under either Rule 16(b) or 15(a) of the Federal Rules of Civil Procedure.

With respect to the proposed amendment,[4] the Court entered a Scheduling Order on June 6, 2017, setting an August 10, 2017 deadline for amended pleadings. When, as here, a plaintiff seeks to amend a complaint after the deadline has passed, the plaintiff must satisfy the requirements of both Rule 16(b) and Rule 15(a). Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). On the other hand, Rule 15(a) provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a), in part.

In applying these Rules, district courts have used a two-step analysis: "'(1) the moving party must satisfy the good cause standard of Rule 16(b), and (2) if the movant satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a).'" *Matheny v.*

---

[3] In their Motion for a Protective Order, Defendants also objected to Plaintiff's request for additional electronically stored information.

[4] The Honorable Cheryl A. Eifert, Magistrate Judge, ruled upon the Motion for a Protective Order. ECF No. 80.

*L.E. Myers Co.*, No. 2:16-CV-09304, 2018 WL 1095584, at *2 (S.D. W. Va. Feb. 26, 2018) (quoting 3-16 Moore's Federal Practice—Civil § 16.13 (2015); other citation omitted). "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cty.*, 182 Fed. Appx. 156, 162 (4th Cir. 2006) (citation omitted). If a plaintiff demonstrates "good cause," the motion still may be denied under Rule 15(a) "where it would be prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citation omitted). Ultimately, whether to grant a motion for leave to amend rests within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In this case, the Court finds Plaintiff has failed to act diligently and has not established a good cause reason for his delay. At the time he was terminated on December 2, 2016, Plaintiff knew he had just recently complained to Mr. Osburn about Defendant Horsfield. Plaintiff asserts he told Mr. Osburn about sexual misconduct. Despite having this knowledge, Plaintiff apparently failed to mention the event to his counsel until after his deposition in October of 2017, approximately seven months after he filed his Complaint. Once counsel learned of this information, however, a motion to amend was not filed for another five months, which was nearly two months after Defendant Horsfield was deposed. It was not until Defendants opposed discovery on issues related to the alleged sexual misconduct as being beyond the scope of the original Complaint that Plaintiff decided to seek amendment. At that point, it was thirteen months after the

original complaint was filed and eight months after the deadline set forth in the Scheduling Order. Additionally, it was filed just two months prior to the deadline for dispositive motions.[5]

The Court finds the delay here is directly attributable to Plaintiff's own lack of diligence. Although Plaintiff's counsel argue they were actively investigating Plaintiff's new potential claim after they learned of it, it does not excuse the fact that Plaintiff himself failed to give them the information until after his deposition. Moreover, once counsel was informed, it was still months before an amendment was sought. At the very latest, Plaintiff was aware at the time of Defendant Horsfield's deposition of the names of women allegedly involved in the affairs. Additionally, Defendant Horsfield stated during his deposition that he denied the allegations when he was questioned as a part of an internal investigation by Defendant Lowe's, and Defendant Horsfield gave an explanation of why the women were no longer working at his store. Despite this knowledge, Plaintiff did not file his motion for another two months. Under these circumstances, the Court finds Plaintiff's motion falls far short of what is required under Rule 16(b)'s good cause standard. Having found Plaintiff failed to act diligently and satisfy the requirements of Rule 16(b)(4), it is unnecessary for the Court to analyze his motion under Rule 15(a).

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Leave to Amend Complaint and to Add Additional Defendant. ECF No. 65.

---

[5] An Amended Scheduling Order entered on March 28, 2018, setting the deadline for dispositive motions on June 15, 2018. ECF No. 60. Defendants filed a Motion for Summary Judgment on that day. Trial is currently set for August 7, 2018.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 21, 2018

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE